AUG-03-2001 05:19 FROM:WILLIAM L LUCAS PA 612-944-8267 TO:9525633001 P.001/001
08/02/01 17:21 FAX 9525633001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Walter Schinzing,<br><br>Plaintiff<br><br>v.<br><br>Mid-State Stainless, Inc.<br><br>Defendant | ) | Civil File No. 00-2686 MJD/SRN |

## DEFENDANT'S MOTION TO AMEND ANSWER AND COUNTERCLAIM UNDER FRCP 15(a) WITH WRITTEN CONSENT OF PLAINTIFF

Based upon Defendant's motion for leave to file an amended answer and counterclaim and Plaintiff's written consent to the same:

**IT IS HEREBY ORDERED:**

That the attached amended answer and counterclaim be entered.

Dated: 8/7/2001 By: ______________________
Attorney For Defendant

Dated: 8/3/01 By: William L Lucas
Attorney For Plaintiff

SO ORDERED:

Dated this 9th day of Aug., 2001.

Susan Richard Nelson
United States Magistrate Judge

F:\WPWork\RAA\M104\8464-PRO.122



AUG 09 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Walter Schinzing,
Plaintiff,

vs. Civil File Number: 00-2686 MJD/SRN

Mid-State Stainless, Inc.,
Defendant

## FIRST AMENDED ANSWER AND COUNTERCLAIMS

Comes now defendant Mid-State Stainless, Inc. ("Mid-State"), and answers the Complaint of plaintiff as follows:

Responding first to the numbered paragraphs of the complaint:

1. Mid-State admits the allegation of paragraph 1 of the complaint.

2. Mid-State admits the allegation of paragraph 2 of the complaint **in that Mid-State did execute the paper attached as Exhibit B to the complaint, but denies that Exhibit B is a valid enforceable agreement**.

3. Mid-State denies the allegations of paragraph 3 of the complaint.

4. Mid-State denies the allegations of paragraph 4 of the complaint.

5. Except as hereinbefore admitted, specifically denied or qualifiedly alleged, Mid-State denies each and every allegation in the complaint.

FIRST AFFIRMATIVE DEFENSE

6. Defendant has reached an agreement with one of the persons named in Paragraph 17 below who should have been named as a co-inventor of the patent. The agreement provides

for the transfer to Defendant of all of that persons right, title and interest under US Patent No. 5,133,375, and also to receive a license under the patent retroactive to the issue date of the patent. Defendant is therefore a beneficial co-owner of the patent the agreement attached as Exhibit A to the complaint is based on. Therefore, as a beneficial co-owner of US 5,133,375, and with a retroactive license under the patent back to its issue date, no royalties are due under the agreement attached as Exhibit A to the complaint.

SECOND AFFIRMATIVE DEFENSE

7. The agreement attached to the complaint as Exhibit A is no longer in force, having been terminated by Plaintiff in 1997, and therefore Defendant cannot be in breach of the agreement. Plaintiff rejected all of defendant's attempts to cure under the agreement and returned defendant's tendered 1st quarter 1998 royalty payment.

THIRD AFFIRMATIVE DEFENSE

8. The agreements attached to the complaint as Exhibits A **and B are** ~~is~~ invalid and unenforceable for lack of consideration ~~in that the patent which the agreement is based on is invalid~~.

FOURTH AFFIRMATIVE DEFENSE

9. Plaintiff has so misused the patent which the agreements, attached to the complaint as Exhibits A **and B**, ~~is~~ **are** based on that the agreements ~~is~~ **are** unenforceable.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Walter Schinzing,
Plaintiff,

vs. Civil File Number: 00-2686 MJD/SRN

Mid-State Stainless, Inc.,
Defendant

**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Comes now defendant Mid-State Stainless, Inc. ("Mid-State"), and answers the Complaint of plaintiff as follows:

Responding first to the numbered paragraphs of the complaint:

1. Mid-State admits the allegation of paragraph 1 of the complaint.

2. Mid-State admits the allegation of paragraph 2 of the complaint in that Mid-State did execute the paper attached as Exhibit B to the complaint, but denies that Exhibit B is a valid enforceable agreement.

3. Mid-State denies the allegations of paragraph 3 of the complaint.

4. Mid-State denies the allegations of paragraph 4 of the complaint.

5. Except as hereinbefore admitted, specifically denied or qualifiedly alleged, Mid-State denies each and every allegation in the complaint.

FIRST AFFIRMATIVE DEFENSE

6. Defendant has reached an agreement with one of the persons named in Paragraph 17 below who should have been named as a co-inventor of the patent. The agreement provides

for the transfer to Defendant of all of that persons right, title and interest under US Patent No. 5,133,375, and also to receive a license under the patent retroactive to the issue date of the patent. Defendant is therefore a beneficial co-owner of the patent the agreement attached as Exhibit A to the complaint is based on. Therefore, as a beneficial co-owner of US 5,133,375, and with a retroactive license under the patent back to its issue date, no royalties are due under the agreement attached as Exhibit A to the complaint.

SECOND AFFIRMATIVE DEFENSE

7. The agreement attached to the complaint as Exhibit A is no longer in force, having been terminated by Plaintiff in 1997, and therefore Defendant cannot be in breach of the agreement. Plaintiff rejected all of defendant's attempts to cure under the agreement and returned defendant's tendered 1st quarter 1998 royalty payment.

THIRD AFFIRMATIVE DEFENSE

8. The agreements attached to the complaint as Exhibits A and B are invalid and unenforceable for lack of consideration.

FOURTH AFFIRMATIVE DEFENSE

9. Plaintiff has so misused the patent which the agreements, attached to the complaint as Exhibits A and B, are based on that the agreements are unenforceable.

FIFTH AFFIRMATIVE DEFENSE

10. The agreement attached to the complaint as Exhibit A requires a royalty payment for "Licensed Products" which "embody the Licensed Patent and Technology", and none of the products Defendant has sold since terminated under the agreement embody the Licensed Patent and Technology, in that Mid-State does not infringe and has not infringed any valid claim of US

Patent No. 5,133,375, and therefore no royalty is due under the agreement

SIXTH AFFIRMATIVE DEFENSE

11. The agreement attached to the complaint as Exhibit A is invalid and unenforceable for lack of consideration in that upon information and belief, each claim of US Patent No. 5,133,375 is invalid, void and/or unenforceable under one or more provisions of Title 35, U.S.C. §§ 101, 102, 103 and 112.

12. In particular; US Patent No. 5,133,375 is invalid pursuant to 35 U.S.C. §103 because it is obvious in light of the following United States patents:

1. No. 4,916,771, dated 04/1990, Weigele patent;
2. No. 4,452,263, dated 06/1984, McClure patent;
3. No. 4,421,132, dated 12/1983, Kuhl patent;
4. No. 4,408,625, dated 10/1983, Kuhl patent;
5. No. 4,299,245, dated 11/1981, Clapper patent;
6. No. 4,287,901, dated 09/1981, Fowler patent;
7. No. 4,279,263, dated 07/1981, Pulliam patent;
8. No. 4,233,703, dated 11/1980, Clyne et al. patent;
9. No. 4,227,938, dated 10/1980, Fowler patent;
10. No. 4,225,996, dated 10/1980, Hoos patent;
11. No. 4,076,033, dated 02/1978, Busse et al. patent;
12. No. 4,019,458, dated 04/1977, Kolterer patent;
13. No. 3,903,559, dated 09/1975, Kuster patent;
14. No. 3,736,948, dated 06/1973, Crosswhite-patent;
15. No. 3,698,029, dated 10/1972, Pulliam patent;
16. No. 3,444,867, dated 05/1969, Thornton patent;
17. No. 3,289,238, dated 12/1966, Sorenson et al. patent;
18. No. 3,277,907, dated 10/1966, Goldman patent;
19. No. 3,259,138, dated 07/1966, Heinicke patent;
20. No. 3,179,117, dated 04/1965, Gibson et al.patent;
21. No. 3,108,299, dated 10/1963, Baldwin patent;
22. No. 3,096,775, dated 07/1963, Clarke et al. patent;
23. No. 3,083,718, dated 04/1963, Heinicke patent;
24. No. 2,936,770, dated 05/1960, Emanuel patent;
25. No. 2,857,605, dated 10/1958, Weishaar patent;
26. No. 2,837,759, dated 06/1958, Haverberg patent;
27. No. 2,744,532, dated 05/1956, Zademach patent;

28. No. 2,718,650, dated 09/1955, Haverberg patent;
29. No. 2,716,767, dated 09/1955, Davis patent;
30. No. 2,013,742, dated 10/1935, Butler patent;
31. No. 1,487,062, dated 03/1924, Hohl patent;
32. No. 1,330,303, dated 02/1920, Cleveland patent.

Further, US Patent No. 5,133,375 is invalid pursuant to 35 U.S.C. §103 because it is obvious in light of the following foreign patents:

1. No. 0262985, dated 04/1988 Berrange patent (European Patent Office);
2. No. 0041087, dated 12/1981, May patent (European Patent Office);
3. No. 2026411, dated 02/1980, Marshall patent (Great Britain);
4. No. 28283344, dated 01/1980, Rogginstein patent (Germany);
5. No. 1442258, dated 07/1976, Roberts et al. patent (Great Britain);
6. No. 1437650, dated 06/1976, TVI - Television Industrielle, S.A. patent (Great Britain);
7. No. 1270251, dated 12/1972, May patent (Great Britain);
8. No. 796,492, dated 06/1958, Watson patent (Great Britain).

9. As a result of the Patent Office examiner's- rejections of Schinzing's application serial no. 07/237,091 and application serial no. 07/420,119, each of which disclosed alleged inventions of a wheelchair washer, the alleged invention of the '375 patent would have been obvious to persons skilled in the art at the time the invention was made.

13. US Patent No. 5,133,375 is invalid pursuant to 35 U.S.C. §102(b) because the alleged invention that is the subject of US Patent No. 5,133,375 was in public use in the country more than one year prior to the date of the application for patent in the United States. Specifically, the alleged invention was publicly displayed in Cedar Falls, Iowa, on or about May 8, 1989.

SEVENTH AFFIRMATIVE DEFENSE

14. When properly construed and interpreted in the light of the prior art and the proceedings in the US Patent and Trademark Office relating thereto, the claims of US Patent No. 5,133,375 (the "'375 patent") do not have a scope which encompasses any product made, used or sold by Mid-State, and therefore no royalty is due under the agreement.

15. Paragraphs 29 to 44 are repeated in this affirmative defense.

16. As a result of the examiner's rejections of the alleged inventions disclosed in the two applications discussed below in paragraphs 29 to 44, as obvious in light of prior art, it is clear that the features present in the Mid-State washer encompass prior art already in the public domain, and therefore, as a matter of law, the Mid-State washer cannot infringe the '375 patent. Furthermore, based on Schinzing's acceptance of the examiner's rejection of his claims, Schinzing is estopped from claiming infringement.

EIGHTH AFFIRMATIVE DEFENSE

17. The agreement attached to the complaint as Exhibit A is invalid and unenforceable because US Patent No. 5,133,375 is invalid in that it does not disclose the true and correct co-inventors, namely, Vincent Bernard, Todd Petry, Charles Casey Cooling, Richard Nottger, and Michael Sewick.

18. The agreement attached to the complaint as Exhibit A is invalid and unenforceable because US Patent No. 5,133,375 is invalid in that it incorrectly discloses as co-inventors several individuals who did not contribute to the conception of the alleged invention that is the subject of US Patent No. 5,133,375; namely, Dallas Foster, Michael Meissen, and/or Gale Brinkman.

NINTH AFFIRMATIVE DEFENSE

19. As discussed fully in the Counterclaims below, US Patent No. 5,133,375 is invalid and/or unenforceable because of Schinzing's and/or his counsel's inequitable conduct before the Patent Office, and therefore any agreement based on the patent is invalid and unenforceable.

TENTH AFFIRMATIVE DEFENSE

20. As discussed fully in the Counterclaims below, Defendant was fraudulently induced to enter into the agreement attached as exhibit A to the complaint, and therefore the agreement is invalid and unenforceable.

COUNTERCLAIMS

FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT

As and for its first counterclaim against Walter W. Schinzing, Mid-State states and alleges as follows:

21. Defendant Mid-State Stainless, Inc. ("Mid-State") is a corporation organized and existing under the laws of the state of Wisconsin and having a principal place of business in Wisconsin.

22. Plaintiff Walter W. Schinzing is an individual believed to reside in St. Paul, Minnesota.

23. This is a counterclaim against Walter W. Schinzing for declaratory judgment of invalidity and non-infringement of US Patent No. 5,133,375, brought pursuant to 28 U.S.C. §§ 2201 and 2202. There is an actual controversy between Walter W. Schinzing and Mid-State as to the non-infringement and invalidity of said patent under the patent laws of the United States and,

in particular, Title 35 of the United States Code.

24. This Court has jurisdiction over the subject matter of this counterclaim under 28 U.S.C. §§ 1338(a) and 2201. This Court also has personal jurisdiction defendant Walter W. Schinzing.

25. The wheelchair washing machines sold by Mid-State do not infringe any valid claim of US Patent No. 5,133,375.

26. Any attempt to read the claims of US Patent No. 5,133,375 on the wheelchair washing machines of Mid-State would render the claims invalid in view of the prior art under Title 35 United States Code.

27. The claims of US Patent No. 5,133,375 are invalid for failure to comply with the provisions of Title 35 United States Code.

28. US Patent No. 5,133,375 is invalid and/or unenforceable because of Schinzing's and/or his counsel's inequitable conduct before the Patent.

29. In particular, before filing the application which ultimately resulted in the '375 patent, Schinzing filed two prior patent applications, each for an alleged invention of a wheelchair washer.

30. The first application (application serial no. 07/237,091; filed on August 29, 1988 through attorney Thomas Tate), disclosed an alleged invention of a wheelchair washer that consisted of little more than an enclosed washing chamber. [Hereinafter, the '091 application.] A Patent Office examiner rejected this application as obvious in light of the following United States patents: No. 4,408,625 (Kuhl); No. 4,279,263 (Pulliam); No. 3,179,117 (Gibson et al.); No. 3,698,029 (Pulliam); No. 3,736,948 (Crosswhite); No. 3,289,238 (Sorenson et al.); and No.

3,444,867 (Thornton).

31. Initially, Schinzing sought to amend his claims by adding the following language at the end of his application claim: "said washing area being large enough for one or more wheelchairs to be placed therein and washed while stationary." The examiner considered this amendment but nonetheless concluded that the claim was not patentable over prior art. Schinzing accepted this rejection and abandoned the '091 application. Thus, Schinzing conceded that the above features of a wheelchair washer structure were not patentable.

32. Schinzing, through attorney Thomas Tate, then filed a continuation-in-part application (application serial no. 07/420,119; filed on October 10, 1989). [Hereinafter, the "119 application.] In his '119 application, Schinzing disclosed a wheelchair washer with roller means for rotating the rear wheels for cleaning. For support of the front wheels, Schinzing disclosed a flat drain platform or a slightly angled ramp. The '119 application stated that the means for keeping the wheelchair stationary is the "two rollers which contact the wheels and cause them to rotate while the wheelchair remains stationary."

33. The Patent Office examiner rejected the '119 application as obvious in light of many of the same US Patents as the examiner had cited in rejecting the '091 application (Kuhl, Pulliam, Gibson et al., and Crosswhite). The examiner also added one additional US Patent: No. 3,096,775 (Clarke et al.).

34. Tate responded to this rejection in a correspondence requesting re-examination. However, a few months later, Schinzing had revoked Tate's power of attorney and appointed Marvin Jacobson as his new patent counsel.

35. On June 14, 1990, Jacobson wrote the examining attorney indicating that Schinzing wished to cancel all six of the original application claims and replace them with new claims 7 through 11. Among other things,-claim 7 claimed a wheelchair washer with "means for rotating the wheels of a wheelchair in said chamber while the wheelchair is stationary; and the means for cleaning the wheelchair while they are rotating." Further, claim 8 stated that "said means for rotating the wheels of the stationary chair comprises: rotatable roller means in contact with at least one of the wheelchair wheels for rotating the wheelchair wheel about its axle; and means for rotatably driving said roller means." Claim 10 added that the roller means would comprise "a pair of spaced-apart rollers, the wheelchair resting on both of said rollers." Jacobson's remarks included the statement that "[b]y holding the wheelchair stationary and rotating the wheels, the instant invention provides the means to ensure that the wheelchair wheels are thoroughly cleaned and is accomplished in a manner and fashion not shown nor even suggested by the prior art."

36. The examiner disagreed, and rejected all new claims 7 through 11 as unpatentable in light of prior art. In particular, the examiner stated that "Haverberg discloses the rotatable roller," that "Haverberg discloses the pair of spaced apart rollers" and that "to have the roller located between the spaced rollers is [an] obvious matter of mechanical design." Schinzing's lawyer accepted this rejection by abandoning that application.

37. According to the citations cited in that application, the examiner relied on one or both US Patent No. 2,718,650 (Haverberg) and US Patent No. 2,837,759 (Haverberg). The examiner also cited the following United States patents: No. 4,225,996(Hoos); No. 2,716,767 (Davis) ; No. 3,108,299 (Baldwin), and one German Patent: No. 28283344 (Rogginstein), as

demonstrating the obviousness of the alleged invention disclosed in the '119 application. Schinzing abandoned the '119 application, thus once again conceding that the examiner was correct in his assessment of the prior art.

38. Rule 56 of the Patent Office rules, 37 C.F.R. §1.56, requires all applicants to disclose information material to patentability. The version of Rule 56 in effect at the time of Schinzing's application defined information as "material" when "there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent."

39. Schinzing filed two patent applications (including the '091 application and the '119 application) pertaining to an alleged wheelchair washer invention before he filed the application that ultimately resulted in the '375 patent. The examiner of the application that resulted in the '375 patent was not aware of Schinzing's prior patent applications for wheelchair washers, and was not aware of the prior art that the prior examiner had found and cited in rejecting those prior applications.

40. The aforementioned prior applications and the prior art cited in those applications was material information bearing on the application for the '375 patent, including its patentability.

41. Under 37 C.F.R. §1.56, Schinzing owed a duty to inform the examiner in his application for the '375 patent that he had filed the two earlier applications and that the other examiner had rejected the claims of those applications on the basis of prior art. Schinzing then owed a duty to cite that prior art under the requirement of Rule 56. In particular, Schinzing did not cite the Haverberg patents to the examiner of the '375 patent.

42. The patent lawyer who prosecuted the '375 patent on Schinzing's behalf, Marvin Jacobson, knew about the two earlier Schinzing applications and in fact was appointed patent lawyer for Schinzing in the second '119 application which was ultimately abandoned under rejection by the Patent Office examiner.

43. Furthermore, Schinzing, and upon information and belief, Marvin Jacobson, knew that the application for the '375 patent did not disclose the correct inventors and that substantially all of the features sought to be patented had been publicly displayed more than one year before the patent application for the '375 patent.

44. The circumstances surrounding Schinzing and his patent counsels' failures to disclose the aforementioned material information demonstrates that they intended to deceive the Patent Office into issuing the '375 patent. The '375 patent should be rendered unenforceable as a result.

45. Mid-State is entitled to its reasonable attorneys' fees and costs in this action as a result of the above-described inequitable conduct before the Patent Office.

46. Mid-State is further entitled to its reasonable attorneys' fees and costs in this action as a result of Schinzing' s and his counsels' initiation, continuation, and needless and unreasonable multiplication of this lawsuit with knowledge that the '375 patent is invalid and unenforceable and with knowledge that the '375 patent, even if valid, could not be infringed by the Mid-State washer because the Mid-State washer is comparable to all features of the '119 application which was rejected as unpatentable in light of prior art. The statutory basis for recovery of fees includes but is not limited to 35 U.S.C. §285 and 28 U.S.C. §1927.

SECOND COUNTERCLAIM FOR FRAUDULENT INDUCEMENT
AND COMMON LAW DECEIT

47. Plaintiff represented that he had obtained his patent validly by filing papers with the US Patent Office to obtain US Patent No. 5,133,375, when in fact Plaintiff intentionally withheld material information and prior art from the US Patent Office in violation of 37 CFR §1.56. As a result of the intentional withholding the patent is invalid.

48. In obtaining the patent, Plaintiff sought and obtained the benefit of the presumption of validity, which carries a presumption that the patent was obtained in accordance with applicable regulations including the duty of disclosure.

49. The presumption of validity is a representation to the world that the patent was obtained in accordance with the applicable regulations, including the duty of disclosure.

50. Plaintiff exploited the presumption of validity conferred by 35 U.S.C. §282 upon his patent, in offering an exclusive license under US Patent No. 5,133,375 patent to Defendant.

51. The offer of an exclusive license under US Patent No. 5,133,375 patent to Defendant constituted a representation of a material fact, that being that the patent had been obtained in accordance with the applicable disclosure regulations.

52. That the representation was false in that Plaintiff knew or should have known that US Patent No. 5,133,375 was invalid for having failed to comply with the applicable disclosure regulations.

53. That Plaintiff made a fraudulent omission in failing to inform Defendant that he had failed to comply with the applicable disclosure regulations when inducing Defendant into the agreement attached to the complaint as Exhibit A.

54. That Plaintiff had an intent to deceive Defendant as to whether US Patent No. 5,133,375 was entitled to a presumption of validity, or a state of mind so reckless as to the consequences of his fraudulent misrepresentation or fraudulent omission that it is the equivalent of an intent to deceive.

55. Defendant, justifiably relied on the false representation that US Patent No. 5,133,375 was validly obtained and therefore was induced to enter into the agreements attached to the complaint as Exhibits A and B.

56. Defendant, would not have entered into the agreements attached to the complaint as Exhibits A and B had Plaintiff not made its fraudulent omission.

57. That Defendant has been injured as a result of the fraudulent inducement into the agreements attached to the complaint as Exhibits A and B, in that it paid approximately $40,000 in royalties to Plaintiff under a patent which was invalid and which Plaintiff knew or should have known was invalid and not entitled to a presumption of validity based on Plaintiff's own inequitable conduct before the Patent Office, and which Plaintiff fraudulently omitted from telling Defendant.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff Walter W. Schinzing's complaint, defendant Mid-State respectfully prays that:

1. The Court dismiss Walter W. Schinzing's complaint with prejudice, and Walter W. Schinzing take nothing by this action;

2. The Court declare that Mid-State has not infringed and does not infringe any valid claim of US Patent No. 5,133,375;

3. The Court declare that the claims of US Patent No. 5,133,375 are invalid and

unenforceable;

4. The Court order Walter W. Schinzing to refund to Defendant all royalties paid under the agreement attached to the complaint as Exhibit A.

5. The Court declare the agreements attached to the complaint as Exhibits A and B invalid and unenforceable.

6. Mid-State be awarded its costs, expenses and reasonable attorneys' fees incurred in connection with this action; and

7. Mid-State be awarded such other and further relief as this Court may deem just and equitable.

Dated: August 7, 2001

VIDAS, ARRETT & STEINKRAUS, P.A.

By: ______________________

Richard A. Arrett (186570)
Attorney for Defendant
6109 Blue Circle Drive
Suite 2000
Minnetonka, MN 55345
Voice: (952) 563-3000
Fax: (952) 563-3001

**Please forward this announcement to the recipient of this fax.**

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500