**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**WALTER SCHINZING,**

**Plaintiff,**

**v.**

**MID-STATE STAINLESS, INC.,**

**Defendant.**

**Civil No. 00-2686 (MJD/SRN)**

**O R D E R**

---

William L. Lucas, Esq., on behalf of Plaintiff Walter W. Schinzing.

Edwin E. Voigt, II, Esq., on behalf of Defendant Mid-State Stainless, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned Magistrate Judge of District Court on January 14, 2002, on a motion by Defendant Mid-State Stainless, Inc., to compel discovery (Doc. No. 9). Mid-State specifically seeks documents responsive to its Third Request for Production of Documents, namely, any and all documents which:

1. evidence Plaintiff Walter Schinzing's net worth;

2. evidence the net worth of any business or entity of which Plaintiff owns 10% or more of said business or entity;

3. show financial investment received by Plaintiff for the manufacture and/or sale of wheelchair washing apparatus;

FILED FEB 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

4. show financial investment received by any entity for which Plaintiff has at least a 10% ownership interest for the manufacture and/or sale of wheelchair washing apparatus;

5. show financial loans to Plaintiff for the manufacture and/or sale of wheelchair washing apparatus;

6. show financial loans to any entity for which Plaintiff has at least a 10% ownership interest for the manufacture and/or sale of wheelchair washing apparatus;

7. were utilized to solicit investment for the manufacture and/or sale by Plaintiff of wheelchair washing apparatus;

8. were utilized to solicit investment for any entity for which Plaintiff has at least a 10% ownership interest for the manufacture and/or sale of wheelchair washing apparatus;

9. refer and/or relate to the St. Paul Port Authority for financial investment and/or loans to Plaintiff and/or to any entity for which Plaintiff has at least a 10% ownership interest, for the manufacture and/or sale of wheelchair washing apparatus;

10. were utilized to acquire loans for the manufacture and/or sale by Plaintiff of wheelchair washing apparatus; and

11. were utilized to acquire loans for any entity for which Plaintiff has at least a 10% ownership interest for the manufacture and/or sale of wheelchair washing apparatus.

Mid-State also moves, pursuant to Fed. Rule Civ. P. 37(a)(4), for an award of its reasonable expenses, including attorney's fees and costs, in the amount of $2000.00, incurred in bringing this motion.

Plaintiff Walter Schinzing originally brought suit in Hennepin County Court against Defendant Mid-State Stainless, Inc., for breach of a

patent license agreement.[1] Mid-State removed the action to this Court, and filed a First Amended Answer and Counterclaim asserting affirmative defenses and counterclaims seeking a declaration of patent invalidity and non-infringement based upon Plaintiff Schinzing's alleged failure to identify the true inventors of United States Patent No. 5,133,375 (the '375 patent); the alleged breach of Plaintiff's duty to advise the United States Patent & Trademark Office as to the existence of a public disclosure of the invention described in the '375 patent where such disclosure occurred more than one year prior to the patent application filing date; the alleged breach of Plaintiff's duty to the United States Patent & Trademark Office to cite known prior art during the patent application process; as well as Plaintiff's allegedly inequitable conduct before the United States Patent & Trademark Office.

Defendant Mid-State has pled that Plaintiff's conduct in this proceeding renders this a special case pursuant to 35 U.S.C.§ 285 and 28 U.S.C. § 1927, which, if it prevails, may entitle Defendant to recovery of attorney's fees from the Plaintiff (§285), and to recovery of any costs, expenses and attorneys' fees incurred as a result of unreasonable or vexatious conduct of counsel for the Plaintiff (§1927). In addition, Mid-State has counterclaimed fraudulent inducement, and has requested a refund of all previously paid royalty payments pursuant to Lear v. Adkins, 395 U.S. 653 (1969), and Span-

---

[1] The Agreements are attached to the Complaint as Exhibits A and B.

Deck, Inc. v. Fab-Con Inc., 677 F.2d 1237 (8th Cir. 1982). Mid-State asserts that discovery to date has revealed substantial evidence to support, by clear and convincing evidence, all of its counterclaims.

In support of its motion to compel production of documents, Defendant Mid-State Stainless argues that, prior to the time of any pretrial settlement conference, it is entitled to production of documents which show the financial condition of the Plaintiff so that Defendant may take a reasonable and informed settlement position relative to its counterclaims. In addition, Mid-State contends that, pursuant to Manildra Milling Corp. v. Ogilvie Mills, Inc., 878 F. Supp. 1417 (D. Kan. 1995), it is entitled to production of documents showing Mr. Schinzing's financial condition; documents which show to whom Plaintiff has made representations, and what those representations were, relative to this lawsuit and/or United States Patent No. 5,133,375; and documents related to and loans and/or investments made by the Plaintiff, and any notes given by the Plaintiff. Defendant Mid-State asserts that these documents may be relevant to the Plaintiff's solvency, may be material for impeachment purposes, and may assist Defendant in locating and subpoenaing witnesses for trial, if necessary.

In opposition to this motion, Mr. Schinzing argues, and the Court agrees, that Mid-States' reliance on Manildra is misplaced. In Manildra the court was not asked to address, nor did it address, whether a party's financial information was discoverable during pre-judgment proceedings. Instead, the

issues addressed in Manildra were post-judgment issues related to whether the plaintiff was entitled to recover attorneys fees and costs. Pre-judgment discovery of financial information was simply not an issue in Manildra.

Plaintiff Schinzing asserts that both Defendant Mid-State's request for his personal financial information, as well as this motion to compel, are inappropriate under the circumstances present in this case. He urges that the motion be denied, and that he be awarded the attorney's fees he has incurred in defending the motion.

Indeed, "[o]rdinarily, Rule 26 will not permit the discovery of facts concerning a [party's] financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc., 75 F.R.D. 3, 5 (S.D. Ohio 1977); see also Fed. R. Civ. P. 26. An exception to this general rule exists in cases in which a party has made a factual showing that a viable claim for punitive damages exists. See Blount v. Wake Electric Membership Corporation, 162 F.R.D. 102, 104-105 (E.D.N.C. 1993).

Defendant Mid-State has made no specific claim for punitive damages, (see First Amended Answer and Counterclaims, Doc. No. 8), nor has it succeeded, in the context of this motion, in making a factual showing that a viable claim for punitive damages exists here. Furthermore, the fact that Mid-State contends that discovery to date supports its counterclaims by clear and

convincing evidence, (see Memorandum of Law in Support of Motion to Compel, p. 1); and that it plans to seek exceptional case designation under 35 U.S.C. § 285 and 28 U.S.C. § 1927 for purposes of recovering its attorney's fees, is not sufficient to justify discovery concerning Mr. Schinzing's personal financial information at this juncture of the proceedings. Arguments directed toward the merits, or lack thereof, of the claims and counterclaims involved in this matter must await another forum. Certainly, in the event that Defendant Mid-State prevails on its counterclaims and obtains the exceptional case designation, Mr. Schinzing's personal financial information may become relevant. In the meantime, the Defendant's motion to compel production of documents responsive to its Third Request for Production of Documents, (Doc. No. 9), is denied without prejudice.

Both parties' requests for an award of attorney's fees incurred in bringing and defending this motion are denied.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that:**

1) Defendant Mid-State Stainless Inc.'s Motion to Compel Production of Documents (Doc. No. 9) is **DENIED WITHOUT PREJUDICE**.

Dated: January 31, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge