WALTER J. STEINKRAUS
SCOTT Q. VIDAS
RICHARD A. ARRETT
EDWIN E. VOIGT II
JONATHAN GRAD
WILLIAM E. ANDERSON II
JAMES M. URZEDOWSKI
LISA L. RYAN-LINDQUIST
BRENDAN C. BABCOCK
JEREMY G. LAABS

ROBERT O. VIDAS, OF COUNSEL
OLIVER F. ARRETT, OF COUNSEL
JANE H. ARRETT, OF COUNSEL

# VIDAS, ARRETT & STEINKRAUS

A PROFESSIONAL ASSOCIATION
SUITE 2000
6109 BLUE CIRCLE DRIVE
MINNETONKA, MINNESOTA 55343-9185
(952) 563-3000

PATENTS, TRADEMARKS, COPYRIGHTS, TRADE SECRETS AND RELATED LITIGATION

FACSIMILE: (952) 563-3001
EMAIL: mail@vaslaw.com
WEBSITE: www.vaslaw.com

Writer's Direct:
Phone: (952) 563-3005
Email: rarrett@vaslaw.com

June 15, 2004

The Honorable Susan Richard Nelson
United States District Court
242 Federal Building
316 N. Robert Street
St. Paul, MN 55101

| | | | | |
|---|---|---|---|---|
| RE: | File No: | **M104.8A-8464-US01** | | |
| | Title: | **Walter W. Schinzing vs. Mid-State Stainless-Aqua Phase (US Patent No. 5133375) Civil File No. 00-2686 MJD/SRN** | | |
| | Application No.: | **07/612757** | Filing Date: | **November 14, 1990** |
| | Issue No.: | **5133375** | Issue Date: | **July 28, 1992** |

Dear Magistrate Judge Nelson:

I have spoken with Bill Lucas, counsel for Mr. Schinzing and we would like to conduct the telephone conference on June 18, 2004 at 11:30 a.m., which is one of the times you indicated that you are available. We will initiate the conference call for all parties and the court.

The following is a statement of Mid-States position in this matter.

The only dispute related to the supersedeas bond is the interest rate for post judgment interest. Plaintiff Schinzing believes that the Wisconsin state interest rate of 12% applies while Defendant Mid-State believes that 28 U.S.C. § 1961(a) applies.

Post judgment interest in Federal Court is governed by Federal law, not the laws of fifty different states. Federal Statute 28 U.S.C. § 1961(a) was specifically enacted to eliminate the need for the Federal Court to potentially apply 50 different post judgment interest rates following resolution of a civil case. 28 U.S.C. § 1961(a) sets the rate of interest following a judgment in Federal Court to the rate equal to the weekly average 1-year constant maturity Treasury yield (nominal), as published by the Board of Governors of the Federal Reserve for the calendar week preceding the date of the judgment. Defendant believes this rate to be either **1.35%**, for the week preceding the original judgment (dated 12/3/03), or **1.83%**, for the week preceding the amended judgment (dated 5/18/04). Defendant is unclear as to which judgment date is controlling. The rate of **1.97%** originally proffered by Defendant was based on the highest interest rate as

published during the week of May 28-June 4, in order to attempt to avoid any potential dispute as to the applicable interest rate for the supersedeas bond. Unfortunately, this generosity was not accepted by Plaintiff. § 1961(b) states that the interest shall be compounded annually.

The following case shows that the entire purpose of §1961(a) was to set a uniform rate of post judgment interest rate. *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 224 USPQ 974 (Fed. Cir. 1984) states:

> Appellee's arguments overlook the statute governing the award of postjudgment interest, 28 U.S.C. §1961. Congress enacted 28 U.S.C. §1961 as part of the Federal Courts Improvement Act of 1981, Pub. L. No. 97-275, specifically to set a nationally uniform rate of interest on judgments in the federal courts. Congress sought to avoid situations such as this which would require a different rate of interest.

No basis exists for the application of a Wisconsin statutory post judgment interest rate of 12% to preempt a federal statute specifically enacted to eliminate this type of conflict. Therefore, Federal law should apply and the post judgment interest rate in the instant case should be controlled by 28 U.S.C. §1961(a).

Yours truly,

S/ Richard A. Arrett

Richard A. Arrett

F:\WPWork\RAA\08464US01_ltr_20040610.doc