WILLIAM L. LUCAS, P.A.
ATTORNEY AT LAW

7456 CAHILL ROAD
EDINA, MINNESOTA 55439-2728

TEL (952) 944-8267
FAX (952) 946-1138
wclucas@msn.com

June 16, 2004

Magistrate Judge Susan Richard Nelson
United States District Court
242 U.S. Courthouse
316 North Robert Street
St. Paul, MN 55101

Re: Schinzing v. Mid-State Stainless, Inc.
Civil File Number 00-2686 MJD/SRN

Dear Magistrate Judge Nelson:

Defendant and judgment debtor Mid-State Stainless, Inc.'s arguments miss the point. The issue is not what post judgment interest rate applies to the federal judgment, but what interest rate should be used to calculate the amount of the supersedeas bond. The court's decision regarding this issue should be based on the purpose of the bond and the impact of the requested stay of enforcement on the judgment creditor.

Regarding the purpose of the bond, judgment creditor Schinzing relies on *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1191 (5th Cir. 1979), in which the United States Court of Appeals for the 5th Circuit said:

> The predecessor to present Fed.R.Civ.P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rules does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule. *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y. 1970), *aff'd*, 515 F.2d 173 (2d Cir. 1975); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc*. 368 F.Supp. 501 (E.D.Pa. 1973); 9 Moore's Federal Practice § 208.05 at 1418 (2d Ed. 1969). The nature of the bond's dual protection role requires that these conditions normally be imposed.

Therefore, the court should require a bond in an amount that reflects the interest that will actually accrue on the judgment. Otherwise, the bond will be inadequate to cover "the whole amount of the judgment remaining unsatisfied, costs of the appeal, interest and damages for delay."

The judgment in this case can only be enforced in Wisconsin because that is where the judgment debtor is located. In fact, the judgment has been entered and docketed in the State of Wisconsin Circuit Court in Burnett County, Wisconsin. (See EXHIBIT)

The Wisconsin Uniform Enforcement of Foreign Judgments Act, Wisconsin Statutes § 806.24, provides, in part, as follows:

> (1) Definition. In this section "foreign judgment" means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.
>
> (2) Filing and status of foreign judgments. A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of circuit court of any county of this state. The clerk shall treat any foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

Wisconsin Statutes § 815.05(8) provides:

> Except as provided in s. 807.01 (4), every execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the amount recovered from the date of the entry of the judgment until it is paid.

Paragraph A. of Article XIII of the license agreement upon which Schinzing's claim against Mid-State Stainless in this case was based states:

> A. This Agreement shall be construed and the legal relations between the parties determined in accordance with the laws of the State of Wisconsin.

Therefore, Mid-States Stainless cannot deny, and has no reason to complain about, the fact that under Wisconsin law, interest accrues on the judgment entered and docketed in the Wisconsin state court at the rate of 12% per year.

On the other hand, Schinzing has good reason to object to a stay of enforcement based on a bond that does not protect everything that the judgment now gives him in Wisconsin, where enforcement of the judgment must occur.

The court should require a bond in an amount that is based on all of the items identified in the decision rendered by the United States Court of Appeals for the 5th Circuit: "The whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." Since the Wisconsin post judgment interest rate is more than the rate provided for federal court judgments, the court can reasonably consider the difference to be "damages for delay." Therefore, the amount of the bond should be calculated as follows:

| | |
|---|---|
| Judgment: | $ 92,800.00 |
| Interest at 12% for 18 months: | 16,704.00 (or interest plus "damages for delay") |
| Estimated costs of the appeal: | $ 500.00 |
| TOTAL: | $110,004.00 |

Respectfully,

S/William L. Lucas

William L. Lucas, attorney for the plaintiff

EXHIBIT: Wisconsin Circuit Court Notice of Entry of Judgment

copies: Walter Schinzing
Richard A. Arrett