**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

**Civil Number 000-2686 MJD/SRN**

---

Walter Schinzing,

Plaintiff,

vs.

**DEFENDANT'S MOTION FOR ACCEPTANCE OF THE SUPERSEDEAS BOND AND FOR STAY OF JUDGMENT PENDING APPEAL**

Mid-State Stainless, Inc.,

Defendant.

---

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ACCEPTANCE OF THE SUPERSEDEAS BOND AND FOR STAY OF JUDGMENT PENDING APPEAL**

PLEASE TAKE NOTICE that the undersigned will move the Court for acceptance of the Supersedeas Bond and Stay of the Judgment pending appeal in the above-referenced action, where said motion will be heard on a date and time convenient to the Court before the Honorable Magistrate Judge Susan Nelson at United States District Court, 242 Federal Building, 316 N. Robert Street, St. Paul, MN 55101. No appearance or oral argument is requested on this matter.

1. Defendant, Mid-State Stainless, Inc., moves the Court for acceptance of the Supersedeas Bond in this matter pursuant to Federal Rules of Civil Procedure 62(d) and in furtherance of the telephone conference between the parties and the Court of June 18, 2004 as related to the establishment of an interest rate for the Supersedeas Bond;

2. For the entry of a Stay of Judgment in the above-captioned action pursuant to Federal Rules of Civil Procedure 62(d) upon the acceptance of the Supersedeas Bond in this matter; and

3. For such other and further relief as the Court may determine is just and equitable in the circumstances.

Defendant has attached hereto a copy of the original Supersedeas Bond for consideration by the Court and an Order for Execution by the Court.

Respectfully submitted,

**VIDAS, ARRETT & STEINKRAUS**

Dated: July 13, 2004

By: ___S/ Richard A. Arrett______________

Richard A. Arrett, Esq. (#186570)
6109 Blue Circle Drive
Suite 2000
Minnetonka, MN 55343
(952) 563-3000

**Attorneys for Defendant**
**Mid-State Stainless, Inc.**

BOND NUMBER 37S 104196994

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

FILE COPY

Walter Schinzing,
Plaintiff,

vs.

Mid-State Stainless, Inc.,
Defendant.

**SUPERSEDEAS BOND**

COURT FILE NO. 000-2686 MJD/SRN

KNOW ALL BY THESE PRESENTS, That Mid-State Stainless, Inc., of 330 West Benson Avenue, Grantsburg, Wisconsin 54840 as Principal(s) and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA of Hartford, Connecticut, as Surety, are held and firmly bound unto Walter Schinzing, in the sum of ($94,687.65) ninety four thousand six hundred eighty seven and 65/100s Dollars, lawful money of the United States, to be paid unto the said Walter Schinzing, his heirs, legal representatives or assigns, for which payment well and truly to be made, we bind ourselves, our heirs, legal representatives, and assigns, firmly by these presents.

That the principal on its own and by its Attorney will at all times indemnify and save the Surety harmless from and against every claim, demand, liability, cost, charge, counsel fee, expense, suit, order, judgment or adjudication whatsoever in consequence of any bond, undertaking or recognizance executed or procured by the Surety as mentioned herein, and the event of payment by the Surety the principals agree to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof and of the principals' liability therefore to the Surety.

Signed and Sealed by us this 8th day of July, 2004.

The condition of this obligation is such that, whereas the said Mid-State Stainless, Inc., appeal(s) to the United States Court of Appeals for the Eighth Circuit from the final judgment entered in this action on the 19th day of May, 2004.

NOW THEREFORE, If said Mid-State Stainless, Inc., shall pay all costs and charges which may be awarded against its on said appeal; and shall pay the judgment or that part of the judgment which is affirmed and all damages awarded against its upon the appeal, if the judgment or any part of it is affirmed or if the appeal is dismissed, this obligation shall become void; otherwise to be and remain in full force and effect.

In Presence of

Mid-State Stainless, Inc.

Victoria Bowman
Witness

BY: Murray J Ryan VP
Murray Ryan, Vice President

Travelers Casualty and Surety Company of America

Carolyn L Davies
Witness

BY [signature]
Richard H. Davies, Attorney-in-Fact

Approved this ______ day of ___________, 20______.

_______________________________ Judge

THE PATRICK J. THOMAS AGENCY, Minneapolis & St. Paul, Minnesota.

Travelers[SM]

# IMPORTANT DISCLOSURE NOTICE OF TERRORISM INSURANCE COVERAGE

On November 26, 2002, President Bush signed into law the Terrorism Risk Insurance Act of 2002 (the "Act"). The Act establishes a short-term program under which the Federal Government will share in the payment of covered losses caused by certain acts of international terrorism. We are providing you with this notice to inform you of the key features of the Act, and to let you know what effect, if any, the Act will have on your premium.

Under the Act, insurers are required to provide coverage for certain losses caused by international acts of terrorism as defined in the Act. The Act further provides that the Federal Government will pay a share of such losses. Specifically, the Federal Government will pay 90% of the amount of covered losses caused by certain acts of terrorism which is in excess of Travelers' statutorily established deductible for that year. The Act also caps the amount of terrorism-related losses for which the Federal Government or an insurer can be responsible at $100,000,000,000.00, provided that the insurer has met its deductible.

Please note that passage of the Act does not result in any change in coverage under the attached policy or bond (or the policy or bond being quoted). Please also note that no separate additional premium charge has been made for the terrorism coverage required by the Act. The premium charge that is allocable to such coverage is inseparable from and imbedded in your overall premium, and is no more than one percent of your premium.

**ACKNOWLEDGMENT OF PRINCIPAL(S)**

STATE OF Wisconsin )
)ss.
COUNTY OF Burnett )

BE IT KNOWN, that on the 9th day of July, 2004, personally appeared before me, Murray Ryan, Vice President of Mid-State Stainless, Inc. to me well known to be the person who executed the foregoing bond, and has acknowledged the same to be his own free act and deed, and that he executed the same for the uses and purposes therein expressed.

SANDRA M JOHNSON NOTARY PUBLIC STATE OF WISCONSIN

Sandra M. Johnson
Notary Public

**ACKNOWLEDGMENT OF SURETY**

STATE OF MINNESOTA )
)ss.
COUNTY OF HENNEPIN )

On this 8th day of July, 2004, before me personally appeared Richard H. Davies to me personally known, who being sworn did say that he is the Attorney-In-Fact of the TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, that the seal affixed to the foregoing instrument is the corporate seal of that corporation, and that said instrument was executed on behalf of the corporation by authority of its Board of Directors; he has acknowledged said instrument to be the free act and deed of said corporation.

Carolyn L. Davies
Notary Public

THE PATRICK J. THOMAS AGENCY, Minneapolis & St. Paul, Minnesota.

CAROLYN L. DAVIES
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

IN WITNESS WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY have caused this instrument to be signed by their **Senior Vice President** and their corporate seals to be hereto affixed this 26th day of February, 2004.

STATE OF CONNECTICUT

} SS. Hartford

COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY

By ______________________________

George W. Thompson
Senior Vice President

On this 26th day of February, 2004 before me personally came **GEORGE W. THOMPSON** to me known, who, being by me duly sworn, did depose and say: that he/she is **Senior Vice President** of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.

My commission expires June 30, 2006 Notary Public
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Assistant Secretary of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut. Dated this 8th day of July, 20 04

By ______________________________

Kori M. Johanson
Assistant Secretary, Bond

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY
Hartford, Connecticut 06183-9062

# POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

**KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY** and **FARMINGTON CASUALTY COMPANY**, corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford, County of Hartford, State of Connecticut, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents make, constitute and appoint: **Carolyn L. Davies, Matthew W. Davies, Richard H. Davies, Jonathan S. Davies, Patricia J. Zaske**, of **Minneapolis, Minnesota**, their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge, at any place within the United States, the following instrument(s): by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified and confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions are now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority.

**This Power of Attorney and Certificate of Authority is signed and sealed by facsimile (mechanical or printed) under and by authority of the following Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, which Resolution is now in full force and effect:**

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

**Civil Number 000-2686 MJD/SRN**

---

Walter Schinzing,

Plaintiff,

vs. **ORDER**

Mid-State Stainless, Inc.,

Defendant.

---

**ORDER**

The above-entitled matter came on before the Honorable Magistrate Judge Susan Nelson, Magistrate Judge of the United States District Court for the District of Minnesota on the ____ day of July, 2004, at the United States Court House, 242 Federal Building, 316 N. Robert Street, St. Paul, MN 55101, upon Motion of Defendant for an Order of Relief as identified in Defendant's Motion for Acceptance of the Supersedeas Bond and for Stay of Judgment of this matter pending appeal pursuant to Federal Rules of Civil Procedure 62(d). Based upon the submissions and Exhibits of record, the Court herein issues this Order as follows:

1. The Supersedeas Bond as presented by Defendant pursuant to the Federal Rules of Civil Procedure 62(d) in the amount of $94,687.65 to Plaintiff is ACCEPTED.

2. The Judgment of this action is hereby STAYED pending appeal of this matter or until further Order of this Court pursuant to Federal Rules of Civil Procedure 62(d).

Dated:__________________, 2004

By:__________________________________
Susan Nelson
Magistrate Judge of The United States
District Court