UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Civil Number 00-2686 MJD/SRN

---

Walter Schinzing,

Plaintiff,

v.

Mid-State Stainless, Inc.,

Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO SERVE AND FILE AN AMENDED COMPLAINT**

Oral Argument Requested

---

## INTRODUCTION

Plaintiff has moved the court for an order granting leave to serve and file an Amended Complaint. The amended complaint would clarify the plaintiff's claims, conform the complaint to the evidence presented and raise issues not apparent from the original complaint. The motion should be granted in its entirety for the following reasons:

## ARGUMENT AND AUTHORITIES

Plaintiff's motion is supported by Rules 1, 15(a) and 15(b) of the Federal Rules of Civil Procedure and pertinent decisions of the United States Court of Appeals for the Eighth Circuit.

Rule 1 states that the rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action. Rule 15(b) provides that a party may amend his pleadings by leave of court "and leave shall be freely given when justice so requires." Rule 15b of the Federal Rules of Civil Procedure provides, in part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment . . . .

A Rule 15(b) amendment to conform with the evidence requires some level of consent by both parties. *Gray v. Bicknell*, 86 F.3d 1472, 1482 (8th Cir. 1996). In this case, consent by Mid-States is not a problem. Mid-State included a claim of noninfringement in its answer to the original complaint (Answer And Counterclaims page 6, First Counterclaim For Declaratory Judgment) and has argued and asked the court for rulings that it is not infringing Schinzing's patent (Memorandum Of Law In Support Of Defendant's Motion To Alter Or Amend Judgment Pursuant To FRCP59(e), Item One on Page 1). Plaintiff Schinzing countered by arguing infringement. (Memorandum In Opposition To Defendant's Motion To Alter Or Amend Judgment Page 2). As a result, the infringement-noninfringement issue has been a significant integral part of this case throughout pretrial, trial and post-trial proceedings. Exhibit A to the complaint, the license agreement that is the subject matter of this case, includes a noncompete covenant in Article XI. In his deposition, Marshall Ryan, Mid-State's President, identified Schinzing as one of Mid-State's competitors (Deposition of Marshall Ryan, Page 6), and during the trial Walter Schinzing testified regarding the competition issue without objection during cross-examination by Mid-State's counsel (Trial Transcript pages 63, 79). The issues of infringement and competition are clearly not anything new to Mid-State.

Typically, leave to amend pleadings should be liberally granted unless the party seeking to amend does not have at least colorable grounds for relief, or is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the

opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 224 (8th Cir. 1994)

None of these disqualifying grounds exists in this case because both plaintiff Schinzing and defendant Mid-state have offered evidence regarding both the infringement noninfringement issue and the issue of breach of the noncompete covenant and their evidence regarding these two issues was received by the court without objection. Plaintiff, Schinzing has never had any reason to delay proceedings, has not proceeded in bad faith and has never had any dilatory motives and Mid-State has not been prejudiced in any significant way.

In the event that defendant Mid-State opposes Schinzing's motion based on "law of the case", the court is urged to consider the decision of the United States Court of Appeals for the Eight Circuit in the case of *United States v. Unger*, 700 F.2d 445 (8th Cir. 1983) where the court pointed out, in footnote 10 at page 450, that "the law of the case doctrine generally requires that a decision on the former appeal be followed in any subsequent proceedings unless evidence subsequently introduced is substantially different or the decision is 'clearly erroneous and works manifest injustice'." In addition, the court is urged to consider *Kerns v. Warden*, 408 F.3d 447 (8th Cir. 2005) in which the court summarily dismissed appellant's law of the case argument regarding an issue that had not been decided by the district court. Since in this case the district court has not decided whether Mid-State has infringed Schinzing's patent or violated the noncompete provision of the license agreement the doctrine of law of the case does not apply.

It is important to keep in mind that the formal relationship between the parties began with a patent license agreement. Under the agreement Mid-State was given

permission to manufacture and sell the wheelchair washing machine that was is subject of Schinzing's patent. This is not a case in which a party with no relationship to the patent holder began making and selling the patented device. The whole purpose of the agreement in this case was to allow Mid-State to make and sell the patented invention and that is what it has been doing. Once the agreement was terminated, continuing to make and sell the device was infringement. Mid-State's only argument against infringement is that its machines have oscillating spray arms while the patent claims rotary spray arms. (Memorandum Of Law I Support Of Defendant's Motion To Alter Or Amend Judgment Pursuant to FRCP 59(e), page 3). However, oscillating spray arms are not outside the scope of the patent claim. Webster's Third New International Dictionary of the English Language Unabridged defines the word "rotate" as "to turn about an axis or a center" and gives as an example something that can rotate in an arc of 180 degrees. Thus, for example, something can rotate 90 degrees in one direction and then rotate back 90 degrees in the opposite direction. This would be oscillation, which Webster's defines as swinging or moving backward and forward like a pendulum. The concept of rotation includes the concept of oscillation but is more general. Oscillation is just one form of rotation. Therefore, a device with oscillating spray arms infringes a patent that claims rotating spray arms, especially since the two devices perform the same function in the same way for the same purpose.

Justice requires the granting of the motion so that claims of plaintiff Schinzing that have been known and litigated by the parties are considered and decided by the court. The motion is supported by the applicable rules of the court, the facts of the case and the evidence presented and should be granted.

## CONCLUSION

For the foregoing reasons the motion of plaintiff Walter Schinzing for an order granting leave to serve and file an Amended Complaint should be granted in its entirety.

Respectfully submitted,

Dated: September 1, 2006.

S/ William L. Lucas

William L. Lucas
Attorney Registration # 64816
7456 Cahill Road
Edina, MN 55439-2728
Telephone (952) 944-8267
Fax: (952) 946-1138

ATTORNEY FOR THE PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Richard A. Arrett, attorney for the defendant.

S/ William L. Lucas
Attorney Registration Number 64816
Attorney for the Plaintiff
William L. Lucas, P.A.
7456 Cahill Road
Edina, MN 55439-2728
Telephone: (952) 944-8267
Fax: (952) 946-1138
e-mail address: wclucas@msn.com