UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Civil Number 00-2686 MJD/SRN

---

Walter Schinzing,

Plaintiff,

v.

Mid-States Stainless, Inc.,

Defendant.

**DEFENDANT'S OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**

---

## INTRODUCTION

Plaintiff has frivolously moved the court pursuant to Rule 15(b) to allow Plaintiff to serve and file an amended complaint. Specifically, Plaintiff is asking the court to allow Plaintiff to amend the complaint to include a claim for patent infringement as well as a claim for breach of non-compete provision XI in the parties' written agreement.

Both of these issues were fully litigated and the Court of Appeals for the Eighth Circuit ruled against Plaintiff. Therefore, **the motion should be summarily denied without hearing on the grounds of *issue preclusion and/or res judicata***.

## ARGUMENT AND AUTHORITIES

### I. Patent Infringement claim

In section IV(A) of its decision (pages 8-9)(the decision is attached in its entirety as **Exhibit 1**), the Court of Appeals for the Eighth Circuit ruled:

> Mid-State counterclaimed for a declaratory judgment of non-infringement in its answer to Schinzing's complaint. Accordingly, Schinzing was obligated to counterclaim for infringement and had the burden to show infringement. Schinzing argues that because Mid-State failed to reassert its request for a declaratory judgment in its proposed findings of fact and conclusions of law, Mid-State has waived or abandoned its counterclaim and Schinzing is therefore relieved of its obligation to assert a compulsory counterclaim. We disagree. Schinzing's obligation to assert a compulsory counterclaim arose when Mid-State filed its counterclaim for declaratory judgment. Irrespective of Mid-State's subsequent action or inaction, **Schinzing, having failed to counterclaim or present any evidence of infringement at trial, has not proved infringement <u>and is now barred from bringing a future infringement action</u>. Accordingly, Mid-State is entitled to a declaratory judgment of non-infringement, and thus the district court abused its discretion in denying Mid-State's motion to amend the judgment. <u>Moreover, because it is entitled to a declaratory judgment of noninfringement, Mid-State, as a matter of law, could not have infringed the '375 patent</u>**. (Emphasis added).

The Court of Appeals for the Eighth Circuit has ruled on the very issue Plaintiff is trying to raise now, and Plaintiff is barred by *issue preclusion and/or res judicata* from re-litigating this patent infringement issue again. The motion should be denied summarily, without hearing.

## II. Non-compete claim

In section IV(B) of its decision (Exhibit 1, page 10) the Court of Appeals for the Eighth Circuit ruled:

> The district court's conclusion fails to distinguish between breach and infringement. The license agreement obligated Mid-State to pay Schinzing royalties on any washers that were either in stock or in the process of manufacture when the agreement was terminated. Schinzing may assert a claim for breach of contract against Mid-State for its failure to pay post-termination royalties on those washers. **In contrast, any washers that Mid-State manufactured completely post-termination fell outside the scope of the license agreement, <u>and Schinzing has no contractual remedy</u> against Mid-State for its manufacture and sale of those washers.** To conclude otherwise would mean that the agreement was irrevocable, an interpretation precluded both by Article VI of the agreement ("[u]nless terminated earlier, the term of this Agreement shall be indefinite") and by Schinzing's termination of the agreement. (Emphasis added).

Plaintiff's non-compete argument is a contractual remedy directed at post-termination washers, and Plaintiff is barred by *issue preclusion and/or res judicata* from re-litigating this contractual remedy issue again. The motion should be denied summarily, without hearing.

**CONCLUSION**

The motion of Plaintiff for an order granting leave to serve and file an Amended Complaint should be denied in its entirety on the ground of *issue preclusion and/or res judicata*.

Defendant should be awarded its attorney fees for having to respond to this frivolous motion.

Respectfully Submitted,

Dated: September 8, 2006

**VIDAS, ARRETT & STEINKRAUS**

By: s/ Richard A. Arrett
Edwin E. Voigt II, Esq. (#162231)
Richard A. Arrett, Esq. (#186570)
6109 Blue Circle Drive
Suite 2000
Minnetonka, MN 55343
(952) 563-3000

**Attorneys for Defendant, Mid-State Stainless, Inc.**