**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Walter Schinzing,** | **Civil No. 00-2686 SRN** |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **Mid-State Stainless, Inc.,** | |
| **Defendant.** | |

---

William L. Lucas, Esq., on behalf of Plaintiff.

Richard A. Arrett, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court upon Plaintiff's Motion to Amend/Correct the Complaint (Doc. No. 113). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 42 U.S.C. § 636 and Local Rule 72.1.

## I. BACKGROUND

This patent case concerns a wheelchair washing machine. Plaintiff originally conceived the idea for the machine in 1987, for which he filed a patent application (the '091 application) with the United States Patent and Trademark Office (PTO) in 1988. The PTO rejected Plaintiff's initial application as obvious, as well as subsequent amended applications in 1989.

Plaintiff meanwhile arranged for the manufacture of his wheelchair washer with Elm Spring Enterprises. He then allowed four students from the University of Northern Iowa to analyze the washer

design in connection with their enrollment in a course entitled Methodology and Conceptualization. The students ultimately incorporated some improvements into the washer, which they displayed at a demonstration attended by Plaintiff and others.

In October 1989, Plaintiff filed a second patent application (the '119 application), which was a continuation-in-part of the '091 application. The '119 application included the students' improvements as well as several of their drawings. Plaintiff stated that he was the sole inventor of the modified washer. The PTO rejected the '119 application.

After making other modifications to the washer, Plaintiff, along with others at Elm Spring Enterprises, filed a third patent application in November 1990 (the '757 application). It was subsequently amended and the application presented an independent claim of seven elements and a second element dependent on the first. The PTO issued patent number 5,133,375 (the '375 patent) for the amended application in July 1992.

In April 1993, Plaintiff and his business partner, Sue Spaulding, entered into a license agreement with Defendant Mid-States Stainless, Inc. Under this agreement, Defendant would develop, manufacture, use and market the washer. In exchange, Defendant agreed to pay Plaintiff and his partner a $400 royalty for each washer it installed. Defendant manufactured and sold 99 washers for which it paid royalties under the agreement. After Plaintiff and his partner terminated the agreement in February 1998, Defendant sold an additional 232 washers, but did not pay royalties.

Plaintiff filed this suit, alleging breach of the license agreement for failure to pay royalties on washers sold after the termination of the agreement. Defendant removed the case to federal court and raised ten affirmative defenses and counterclaimed for a declaratory judgment of patent invalidity and

non-infringement. The matter was tried before the undersigned Magistrate Judge, who concluded that Defendant had breached the license agreement and that the '375 patent was not invalid.

Defendant moved to amend the judgment to include a declaratory judgment of non-infringement and judgment that Defendant had not breached the license agreement. Defendant's motion was denied and it appealed to the Eighth Circuit.

The Eighth Circuit affirmed this Court's ruling that the '375 patent was not unenforceable due to inequitable conduct, but vacated the ruling that the patent was not invalid with respect to inventorship, prior publication and public use. Schinzing v. Mid-States Stainless, Inc., 415 F.3d 807, 815 (8th Cir. 2005). In addition, the Eighth Circuit reversed this Court's denial of Defendant's motion to amend the judgment to reflect a declaratory judgment of noninfringement and remanded with direction to grant Defendant's motion. Finally, the Eighth Circuit vacated the ruling that Defendant breached the license agreement, vacated the damage award and remanded for further proceedings. Id.

In this motion, Plaintiff seeks leave to serve and file an Amended Complaint. Specifically, Plaintiff seeks to include a claim for patent infringement as well as a claim for breach of a non-compete provision in the parties' written agreement.

Defendant opposes Plaintiff's motion, arguing that the Eighth Circuit has ruled against Plaintiff on these very issues.

## II. DISCUSSION

Plaintiff moves to amend or correct the Complaint pursuant to Federal Rule of Civil Procedure 15(b). Federal Rule of Civil Procedure 15(b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

### A. Infringement Claim

With respect to the issue of infringement, the Eighth Circuit noted that a claim for a declaration of non-infringement makes a counterclaim for patent infringement compulsory. Schinzing, 415 F.3d at 813 (citing Polymer Indus. Prods. Co. V. Bridgestone/Firestone, Inc., 347 F.3d 935, 938 (Fed. Cir. 2003). Therefore, the court held that after Defendant counterclaimed for a declaratory judgment of non-infringement, Plaintiff was obliged to counterclaim for infringement and had the burden to show infringement. Id. The court further ruled:

> . . . Schinzing, having failed to counterclaim or present any evidence of infringement at trial, has not proved infringement and is now barred from bringing a future infringement action. Accordingly, Mid-State is entitled to a declaratory judgment of non-infringement, and thus the district court abused its discretion in denying Mid-State's motion to amend the judgment. Moreover, because it is entitled to a declaratory judgment of non-infringement, Mid-State, as a matter of law, could not have infringed the '375 patent.

Schinzing, 415 F.3d at 814 (emphasis added).

Plaintiff is correct in noting that the infringement issue has been a "significant integral part of this case throughout pretrial, trial and post-trial proceedings." (Pl.'s Mem. Supp. Mot. Amend at 2.) In fact, infringement has been so much a part of this case that the Eighth Circuit has ruled on the issue.

Because the Eighth Circuit ruled that Plaintiff may not bring a claim of infringement, Plaintiff's motion to amend to include such a claim is barred. The issue has been decided by a higher court – this Court has no authority to permit such a claim. Plaintiff's motion to amend is denied.

**B. Non-Compete Claim**

Plaintiff also seeks leave to amend to add a claim for breach of a non-compete provision in the parties' written agreement. On this issue, the Eighth Circuit ruled as follows:

> The license agreement obligated Mid-State to pay Schinzing royalties on any washers that were either in stock or in the process of manufacture when the agreement was terminated. Schinzing may assert a claim for breach of contract against Mid-State for its failure to pay post-termination royalties on those washers. In contrast, any washers that Mid-State manufactured completely post-termination fell outside the scope of the license agreement, and Schinzing has no contractual remedy against Mid-State for its manufacture and sale of those washers.

Schinzing, 415 F.3d at 814 (emphasis added).

The language quoted above clearly states that Plaintiff has no contractual remedy against Defendant for its manufacture and sale of post-termination washers. As the non-compete provision concerned post-termination washers, the Eighth Circuit's ruling precludes Plaintiff's proposed claim for breach of the non-compete agreement. Accordingly, Plaintiff's motion to amend to add a non-compete claim is denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Amend/Correct the Complaint (Doc. No. 113) is **DENIED**.

Dated: September 22, 2006

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge